1

2

3

4

5                        IN THE UNITED STATES DISTRICT COURT

6                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    JERRY E. DAVIS,                              No. C 04-0939 SI

9                Plaintiff,                       **ORDER GRANTING DEFENDANTS'
                                                  MOTION TO DISMISS**
10       v.

11   JOHN POTTER, Postmaster General of the United
     States, et al.,
12
                 Defendants.
13   _____/

14

15          Defendant's motion to dismiss plaintiff's complaint came on regularly for hearing on June 17, 2005.

16   After carefully considering the papers and pleadings on file and the arguments of the parties, the motion to

17   dismiss is GRANTED, for the reasons set out below.

18

19                                    **BACKGROUND**

20          This case arises out of plaintiff's employment with the United States Postal Service ("USPS").  He has

21   worked for the USPS since October 18, 1978, and for the past eleven years has been in information

22   technology in the San Mateo Integrated Business Support Service Center. Plaintiff alleges that the USPS

23   discriminated against him on the basis of his disabilities, including sleep apnea, as well as "his age (over 40),

24   race (white, i.e., reverse discrimination), religious, ethnic and national origin background (Jewish), sexual

25   orientation (gay), [and] gender (male)," in violation of the Rehabilitation Act, the Americans with Disabilities

26   Act ("ADA"), Title VII of the Civil Rights Act, and the Age Discrimination in Employment Act ("ADEA").  See

27   Compl. ¶ 19.   He brings suit against the USPS and John Potter, the Postmaster General of the United States.

28   Specifically, the alleged acts of discrimination include passing plaintiff over for promotion, refusing to allow

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

plaintiff to modify his work schedule to accommodate his sleep apnea, harassing plaintiff, "spying" on plaintiff by assigning monitors to oversee his work, and prying into his medical records. See id. at 3:1-13. Plaintiff seeks damages, back pay, lost benefits, and an injunction compelling defendant to promote him to the position of "Computer Systems Analyst Programmer, Level 20," for which he has applied.[1]  He also seeks an accommodation of his disabilities, in the form of a modified work schedule. See id. at 9; ¶ 9.

Although plaintiff's complaint states that he "has exhausted all of his available administrative remedies under federal statute," he also alleges that "it would be futile to pursue any internal administrative actions within the defendants Potter and USPS because of defendants' hostility toward him, their unconscionable delays in considering or arbitrating his grievances, and other factors," and that he is therefore "exempt from having to internally appeal each and every act taken against him by defendants." Compl. ¶¶ 7, 13, 18, 22.

On May 2, 2005, defendant John Potter filed a motion to dismiss, arguing that (1) plaintiff failed to exhaust administrative remedies before filing suit; (2) the government cannot be sued under the ADA; and (3) discrimination based on sexual orientation is not actionable under Title VII and the ADA.  That motion is now before the Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S.Ct. 1673, 1675 (1994) (citation omitted). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction may either "attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. General Tel. And Elec., 594 F.2d 730, 733 (9th Cir. 1979) (citing Land v. Dollars, 330 U.S. 731, 735 n. 4. (1947)).  Where the jurisdictional issue is separable from the merits of the case, the court need only consider evidence related

---

[1] Plaintiff filed a grievance based on the USPS's failure to promote him to the position of computer systems analyst/programmer level 20, which was denied after arbitration.  Arbuckle Decl., Ex. C.

to the jurisdiction issue, and rule on that issue, resolving factual disputes as necessary.  Id. (citing Berardinelli v. Castle & Cooke, Inc., 587 F.2d 37 (9th Cir. 1978))

**DISCUSSION**

**1.    Exhaustion of administrative remedies**

Defendant contends that plaintiff's Rehabilitation Act, Title VII, and ADEA claims must be dismissed because exhaustion of administrative remedies is required before a claim may be filed under any of these statutes, and plaintiff has not exhausted administrative remedies.

Before a federal employee may file a complaint under Title VII or the Rehabilitation Act, he or she must participate in the EEO process, which includes submitting an informal complaint to an EEO counselor and subsequently filing a formal EEO complaint with the agency employer.  29 C.F.R. §§ 1614.105(a)(1), 1614.106(b); see also Sommatino v. United States, 255 F.3d 704, 707-08 (9th Cir. 2001).  Once the agency issues a final decision on the formal complaint, the employee may appeal this decision either to the EEOC or to a district court.  29 C.F.R. § 1614.110.  The Ninth Circuit has held that Title VII's exhaustion requirements are not jurisdictional and may be subject to the doctrines of waiver, estoppel, and equitable tolling, but that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite."  Sommatino, 255 F.3d at 708.  Thus, "where a plaintiff has *never* presented a discrimination complaint to the appropriate administrative authority," a district court lacks subject matter jurisdiction.  Id. at 709 (emphasis added).  In addition, Title VII's exhaustion requirements are applicable to claims made under the Rehabilitation Act.  See Boyd v. U.S. Postal Service, 752 F.2d 410, 413-14 (9th Cir. 1985).  Under the ADEA, a federal employee must either pursue the administrative process or file with the EEOC a written notice of his intent to file a civil action at least 30 days before filing the action in district court.  29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a).

Defendant argues that plaintiff never complied with any of these exhaustion requirements despite his actual knowledge of the required procedures.  It is undisputed that plaintiff received notice about the proper procedures in the course of his employment with the USPS through EEO posters in his workplace.  Stange Decl. ¶ 2; Arbuckle Decl., Ex. B at 146:15-21.  Plaintiff made verbal complaints via telephone to the USPS

1  EEO counselors in Washington, D.C. on August 22, 2003, October 6, 2003, November 13, 2003, and

2  November 28, 2003, and after each telephone contact, USPS mailed him an EEO package containing

3  information about the EEO process and ADEA procedures and a form to request EEO counseling.  DeSorbo

4  Decl. ¶ 2; Arbuckle Decl., Ex. B at 191:1-192:23.  Plaintiff never returned any of the pre-complaint counseling

5  forms provided in the EEO packages or filed a complaint with the EEOC or a notice of intent to sue the USPS.

6  DeSorbo Decl. ¶ 2; Arbuckle Decl., Ex. B at 53:1-4, 69:21-70:6.  Beyond his verbal complaints, plaintiff's

7  sole attempt to initiate his administrative process was a letter from his counsel to the USPS, dated January 3,

8  2004, entitled "Formal EEO Complaint" and stating "This is a formal EEO Complaint of Discrimination, which

9  I am sending to you prior to filing a federal lawsuit in federal court."  Arbuckle Decl., Ex. B at 186:7-10; Ex.

10  E.

11       Plaintiff apparently mistakes defendant's motion to dismiss for lack of subject matter jurisdiction under

12  Rule 12(b)(1) for a motion to dismiss for failure to state a claim under Rule 12(b)(6).[2]  A lack of subject matter

13  jurisdiction, if found, is fatal and cannot be cured by amendment.  See Fed. R. Civ. P. 12(h)(3) ("Whenever

14  it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the

15  court shall dismiss the action.").[3]

16       The issue here is whether plaintiff's actions are sufficient to constitute "substantial compliance" with the

17  exhaustion requirements of Title VII, the Rehabilitation Act, or the ADEA.  The Court finds that they are not.

18  Plaintiff's verbal complaints, without follow-up in the form of any informal requests for counseling or formal

19  EEO complaints, and the January 3, 2004 letter from his counsel did not engage the administrative process so

20  that the EEOC or the USPS could investigate and address his allegations of discrimination.  See Sommatino,

21  255 F.3d at 710.  It is undisputed that plaintiff did not participate in EEO counseling, did not file a formal EEO

22

23  _____

24       [2] Defendant's Rule 12(b)(1) motion pertains to the Title VII, Rehabilitation Act, and ADEA claims, but not to his ADA claim.  Defendant seeks dismissal of the ADA claim on separate grounds.

25       [3] Plaintiff's counsel also argues that defendant's motion is a "thinly disguised motion for summary
26  judgment," see Pl.'s Opp'n at 12:12-13, because defendant has submitted declarations and otherwise provided evidentiary support for its arguments.  While a 12(b)(6) motion is based solely upon the pleadings in a matter, a court ruling on a Rule 12(b)(1) motion consider evidence related to the jurisdictional issue, and
27  the plaintiff bears the burden of proof to establish jurisdiction.  Thornhill Publ'g, supra, 594 F.2d at 733.  In addition, because defendant's motion is not a motion for summary judgment, plaintiff's request for discovery
28  pursuant to Rule 56(f) is DENIED.

United States District Court

For the Northern District of California

complaint, and did not notify the USPS of his intent to sue under the ADEA or otherwise comply with the ADEA administrative process. Moreover, even if the Court considered the January 3, 2004 letter a proper EEO complaint or intent-to-sue notice, it is undisputed that plaintiff did not receive a final agency decision before filing suit.

Plaintiff's argument that administrative exhaustion would be "futile" and that he is "exempt" from undertaking administrative appeals is unavailing. In support of this argument, plaintiff alleges that USPS employees engaged in "delay tactics" and that a union representative told him to defer any EEO complaint until the end of arbitration of his union grievance. In the Ninth Circuit, a plaintiff must offer more than "purely speculative" "allegations of bias" to establish futility; there must be "objective and undisputed evidence of administrative bias." Anderson v. Babbitt, 230 F.3d 1158, 1164 (9th Cir. 2000). Here, plaintiff has presented no such evidence of bias, but rather admits that he simply had "an overall impression, feeling" that the EEO counselors he contacted were not there to help him. Arbuckle Decl., Ex. B at 25:8-22. In addition, plaintiff's allegation that a union representative advised plaintiff against filing an EEO complaint until later in the proceedings does not help him, because plaintiff did not ever file, or attempt to file, an administrative complaint. Sommatino, 255 F.3d at 710 (finding that equitable estoppel did not apply where an EEO counselor discouraged plaintiff from filing a complaint, because no administrative complaint was ever filed). On this record, the Court cannot conclude that plaintiff is exempt from the exhaustion requirements on grounds of futility.

For these reasons, defendant's motion to dismiss the first, third, and fourth causes of action is GRANTED. These claims are DISMISSED without prejudice to refiling if and when plaintiff exhausts his administrative remedies.

**2.      ADA claim**

Defendant also contends that plaintiff's ADA claim, in the second cause of action, must be dismissed because the federal government may not be sued under this statute. Plaintiff does not address this argument in his Opposition, and the statute appears to forbid any suit against the USPS. 42 U.S.C. § 12111(5)(B)(i) provides that an "employer" under the ADA "does not include . . . the United States, a corporation wholly

owned by the government of the United States, or an Indian tribe." The Ninth Circuit has held that this language specifically exempts the federal government from suit under the ADA. See Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1172 (9th Cir. 1999). Accordingly, plaintiff's second cause of action is DISMISSED with prejudice.

**3.  Sexual orientation discrimination**

As part of plaintiff's Title VII and ADEA claims, he alleges that he was discriminated against on the basis of his sexual orientation. Compl. ¶¶ 19, 23. Defendant argues that this form of discrimination is not protected under these statutes and cannot form the basis of plaintiff's claims. See Rene v. MGM Grand Hotel, Inc., 243 F.3d 1206, 1209 (9th Cir. 2001)(Title VII); 29 U.S.C. § 633a; 42 U.S.C. § 6101. Because the Court finds that these claims must be dismissed for lack of subject matter jurisdiction, however, it need not decide this separate ground.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss. [Docket # 25]  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 17, 2005                                   ___S/SUSAN ILLSTON___
                                                        SUSAN ILLSTON
                                                        United States District Judge